# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### "Civil Complaint with Jury Demand

Civil Action No. 12-70 ___

| | |
|---|---|
| Azael Dythian Perales et al., | ) |
| Plaintiff | ) |
| | ) |
| | ) |
| BARACK HUSSEIN OBAMA et al., | ) |
| DANIEL KEN "DAN" INOUYE | ) |
| Co Plaintiff's | ) |
| | ) |
| | ) |
| | ) Related Cases: Utah Supreme Court |
| | )    Case No. s |
| | ) 1:2011fp00583,10-4558, |
| Vs. | )    10-5145, 10-8040, 10-6286, |
| | )    1:2011cv09666, 1:2011cv12274, |
| | )    3:2012cv00007, 8:2011cv01699, |
| | )    1:2011fp00443, 8:2011cv01391, |
| | )    And All Related Cases |
| | ) |
| | ) |
| | ) |
| | ) |

1

United States of America et al.,
U.S. Pentagon et al.,
U.S. Secret Service e.g., " Presidential Detail "      )
U.S. Homeland Security et al.,
U.S. Department of Labor et al.,
Central Intelligence Agency et al.,
U.S. Department of Justice e.g. Office of -      )
Professional Responsibility,
Federal Bureau of Investigation et al.,
U.S. Court of Federal Claims et al.,
U.S. Internal Revenue Service et al.,
U.S. Tax Court et al.,
The White House et al.,
U.S. House of Representatives et al.,
U.S. Senate et al.,
U.S. Office of Special Counsel et al.,
Federal Election Commission et al., - Cont.      )
General Accountability Office et al.,
State of California et al.,
City of Fullerton et al.,
And All Related Defendants et.al et al.,      )


City of Anaheim et al.,      )

Anaheim Police Department et al.,      )

U.S. Supreme Court et al.,
                                                )
U.S. Court of Appeals for the 10th Circuit

& All Related Defendants Named in Habeas Corpus Complaint )

Defendants(s)


# COMPLAINT WITH JURY DEMAND


The Defendants are guilty of the following crimes,

Other Offenses against Public Justice > California Penal Codes § 137.(b), §

140. (a), § 142.(4), § 145., § 146.(g), § 147., § 148.,§ 148.1, § 149., § 151.,

§ 153., § 154., § 155., § 155.5., § 165.,  § 166., § 181., § 188. & § 401. §

362. & § 166.(4) , Violation of California   Civil Code Section 52.3 (a) No

Governmental authority or agent of a governmental authority, or person

Acting on behalf of a governmental authority,

Shall engage in a pattern or practice of conduct by law enforcement

Officers that deprives any person of rights, privileges, or

Immunities secured or protected by the Constitution or laws of the

United States or by the Constitution or laws of California . Violation

Of 18 U.S.C. § 241 : US Code - Section 241: Conspiracy against rights,

Violation of 18 U.S.C. § 242 : US Code - Section 242: Deprivation of

rights under color of law.

Violation of The Federal Food Stamp Act of 1977 (Public Law 95-113) (

Title 7 U.S.C. Section 2012(k) Chapter 51> § 2019 ) & "18 U.S.C. Section

1001, willfully and knowingly concealing a material fact by any trick,

scheme, or device. 18 U.S.C. § 1962. (c)   ( Racketeering ),  18 U.S.C.

§1962. (d) (RICO Conspiracy) ,)  18 U.S.C. § 1344(Bank Fraud) ,18 U.S.C.

§ 1349. (Attempt & Conspiracy to Commit Mail & Wire Fraud)  18 U.S.C. §

1512. (b) (Witness Tampering) , 18 U.S.C. §1030. (a) (2)  ( Misuse of

Computer ) , 18 U.S.C. § 1963.( Criminal Forfeiture ) , "18 U.S.C. § 371." (

Conspiracy to Commit offense or Defraud The United States ) , 18 U.S.C.

3

§402. (Contempt's constituting crimes)., "18 U.S.C. § 3045." Internal

Revenue Violations, Failure to issue warrants for Internal Revenue

Violations, 26 U.S.C. § 7236.  (False Statement on Tax Filing ), Violation of

26 U.S.C. § 7236. (2) Aiding or Assisting False Return). The Defendants are

guilty of violation of Title VI of the Civil Rights Act of 1964 & 42 U.S.C. §

1983. **II. ELEMENTS OF A SECTION 1983 CLAIM**

(ii) ". . . who under color of [state & federal law]

The traditional definition of acting under the color of state and federal

Law requires that the Defendants  have exercised power "possessed by

Virtue of the law and made possible only because the wrongdoer is

Clothed with the authority of the law and such actions may result in

liability even if the Defendants abuses the position given to him by the

State or Federal Government, A private Party may also act under color

Of the law under certain circumstances, as I am alleging in this case

Before the court. For all practical purposes, the "color of State &

Federal law" requirement is identical to the "state action" prerequisite

to Constitutional liability as the Defendants is in this controversy

Before the Court. The Defendants are guilty of violation of

The Espionage Act, The Defendants in the related cases clearly shows

Evidence of violation may be substained only when the speech or

4

Publication created a "Clear and Present Danger " to the health and welfare

Of our children, the elderly, and persons with compromised immune

Systems and poses a direct threat to all American citizens of attempting or

Accomplishing the prohibited crimes as the Plaintiff's have in this case

Before the Court. See: Dennis v. The United States 341 U.S. 494 (1951).

The Defendants are in violation  of equal protection clause and the due

Process clause, when an indigent is forced to run this gauntlet of a

Preliminary showing of merit, the right to appeal does not comport with fair

Procedure. See } Case No. 10-4558 } Perales v. The United States &

Douglas v. California, 372 U.S. 353 (1963). The Defendants  are guilty

Of violation **of Title 21 Sub. III, § 331.(a),(b),  & § 333 (b).**  The

introduction or delivery for introduction into interstate commerce of

any food, drug, device, or cosmetic that is adulterated or misbranded.

 (b) The adulteration or misbranding of any food, drug, device, or cosmetic
in interstate commerce.

 (c) The receipt in interstate commerce of any food, drug, device, or
cosmetic that is adulterated or misbranded, and the delivery or proffered
delivery thereof for pay or otherwise.

 (d) The introduction or delivery for introduction into interstate commerce of
any article in violation of section 404, 505 or 564.

United States v. Carolene Products Co., 304 U.S. 144 (1938)
Filled Milk Act of 1923

The statutory characterization adulterated drugs as injurious to health and as a fraud upon the public may, for the purposes of this case, be considered as a Declaration of legislative findings deemed to support the Act as a Constitutional exertion of the legislative power, aiding informed judicial Review by revealing the rationale of the legislation, as do the reports of Legislative committees Such as the U.S. Senate ascertained,} See. World Health Correspondence, I drafted to The World Health Organization - Dated Tuesday, January 26, 2010.  The Defendants are guilty of Title 18 U.S.C. 1464 (1976 ed.) **Broadcasting &** uttering obscene, indecent and fowl language by __Not Alerting__ the public "about the new danger s of adulterated Pharmaceutical Vaccines and Drugs flooding the medical profession. See}  Perales v. ID Biomedical Corp et al & Vetcom et al., , Filed: December 20, 2011 Case No. 1:2011cv12274. The Defendants are guilty Of conducing  the  violation of  Branti v. Finkel, 445 U.S. 507 (1980)

*Held:* The First and Fourteenth Amendments protect respondents from Discharge solely because of their political beliefs. Pp. __445 U. S. 513__-520. The Defendants have violated my First Amendment constitutional rights by retaliating against me for seeking a peaceful resolution to the controversy. See } NAACP v. CLAIBORNE HARDWARE CO., 458 U.S. 886 (1982).

"At any time when the Attorney General has information which he deems

Reasonable or reliable relating to violations of the provisions in 18 U.S.C.§§ 1961–1968 (West 2003) & 18 U.S.C. Section § 1001. Statements or Entries Generally

**a)** Except as otherwise provided in this section, whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully—

**(1)** falsifies, conceals, or covers up by any trick, scheme, or device a material fact;

**(2)** makes any materially false, fictitious, or fraudulent statement or representation; or

**(3)** makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry; shall be fined under this title, imprisoned not more than 5 years or, if the offense involves international or domestic terrorism (as defined in section 2331), imprisoned not more than 8 years, or both. If the matter relates to an offense under chapter 109A, 109B, 110, or 117, or section 1591, then the term of imprisonment imposed under this section shall be not more than 8 years, He shall make full and complete investigation thereof and shall report to the President & General courts the results of his investigation, together with his recommendations, if any, for legislation. . . .

[T]he attorney general is hereby Authorized to make public such information received by him, testimony Given before him, and matters handled by him as he deems fit to effectuate The purposes hereof." The "violations" cover a wide range of "subversive" Activities designed to "Overthrow, destroy or alter, or to assist in the Overthrow, destruction or alteration of, the constitutional form of the Government of the as the Defendants have.

The Attorney General Mr. Eric Holder and his administration has failed to

Do this, causing undo harm to all plaintiffs , See } PERALES v. HOLDER

Case No. Filed: November 22, 2011 as 1:2011cv01030.

I respectfully submitted the evidence via related cases noted to the court in

Which all Defendants Including reporters had in there possession. The

Media must borne the Criminal element equally with all defendants See}

**Branzburg v. Hayes**, 408 U.S. 665 (1972), was a Landmark United States

Supreme Court decision invalidating the use of the  First Amendment as a

Defense for reporters ...

Congress, as the arm of the government responsible for making and overseeing

The operation of the nation's laws, has the power to inquire into and review the

Methods by which those laws are enforced. 1 Because the executive branch is

Responsible for enforcing the laws, Congress necessarily requests evidence

from that branch. On occasion, the President has sought to protect himself and

his officials from congressional overreaching by arguing that the doctrine of

Executive privilege protects him from compelled disclosure of information or

Documents relating to this case before the court

THE CONFLICT BETWEEN EXECUTIVE PRIVILEGE AND
CONGRESSIONAL ...The strength of a derivative claim to presidential
immunity as this case thus depends ... 97th **Cong., 2d** Sess. 7 **(1982).**
**1982). House Resolution** 632 .

The Defendants have a servitude and been imposed upon the land for which

Respondents are entitled to compensation under the Fifth Amendment, they

Are currently selling adulterated pharmaceutical drugs amongst other labor

Violations to Title 29 and 42 U.S.C. 1982 thus depriving the current or

Future Market prices. *See* } United States v. Causby, 328 U.S. 256 (1946).

"[T]he present case must be governed by principles that do not involve the

Power of eminent domain, in the exercise of which property may not be

Taken for public use without compensation. See } GOLDBLATT v.

HEMPSTEAD, 369 U.S. 590 (1962), Nollan v. California Coastal

Commission, 483 U.S. 825 (1987), U.S. Tax Court Case No. 28980-11

And Case No 10-4558.

The Defendants are in violation of The Contract Clause appears in the

United States Constitution, Article I, section 10, clause 1. It states:

No State shall enter into any Treaty, Alliance, or Confederation; grant

Letters of Marque and Reprisal; coin Money; emit Bills of Credit; make any

Thing but gold and silver Coin a Tender in Payment of Debts; pass any Bill

of Attainder, ex post facto Law, or **Law impairing the Obligation of**

**Contracts**, or grant any Title of Nobility. See } Kaiser Aetna v. United

States, 444 U.S. 164 (1979), Berman v. Parker, 348 U.S. 26 (1954) is a

Landmark decision of the United States Supreme Court that interpreted the

Fifth Amendment's Takings Clause: "nor shall private property be taken for

Public use, without just compensation" in the Fifth Amendment of the

United States Constitution . See} Case No. 10-5145 [ Perales

v. United States " U.S. Court of Appeals For the Federal Circuit].

See Case NO. 11-22833 –civ-Martinez-McAliley } 4:2011cv00554,

Azazel Perales vs. United States, 1:2011fp00583, Azazel Perales vs. United

States, Azael Dythian Perales v. Orange County Transportation Authority et

al., 8:2009cv01128 & Utah Supreme Court , All Writs Act November &

December 2010 cases. The Defendants are in violation of Several tax

codes and laws see } Walz v. Tax Comm'n of City of New York, 397 U.S.

664 (1970). U.S. Tax Court cases Azael Perales V. COMMISSIONER OF

INTERNAL REVENUE, Case No. 765-10W & 28980-11 clearly

Shows evidence that the Defendants created an excessive entanglement of

Government with religion See } Perales et al v. United States Internal

Revenue Case No. 1:2011cv02172. The evidence shows a narrow legitimate

Secular purpose which is far out weighed by the abuse of the tax exempt

Status. "Accepting donations from persons and corporations who are

Involved in violation of 26 U.S.C. § 7206.,These Corporations were

convicted of producing dangerous adulterated drugs to there congregations ,

Azael Dythian Perales v. Wal-Mart Inc et al  Case No. 2:2009cv06452

The Defendants are paid by The U.S. Taxpayers and must abide by U.S.

Law accordingly. Marsh v. Chambers, 463 U.S. 783 (1983),

Lynch v. Donnelly, 465 U.S. 668[1] (1984), " Justice O'Connor Decision I "

The Establishment Clause prohibits government as they are in this case from

Making adherence to a religion relevant in any way to a person's standing in

10

The political community. Government can run afoul of that prohibition in

Two principal ways. One is excessive entanglement with religious

Institutions ...The second and more direct infringement is government

Endorsement or disapproval of religion. Endorsement sends a message to

No adherents that they are outsiders, not full members of the political

Community " , and an accompanying message to adherents that they are

Insiders, favored members of the political community as the Defendants

Are due to there current financial and social status as free citizens.

The Defendants should not have a "tax exempt status" which they

Are being enjoyed by the U.S. Internal Revenue Service.

The Defendants are in violation of "Due Process Clause "

Azael Dythian Perlaes v. Michael J Astrue  Case

No.8:2011cv01391 & Mathews v. Eldridge, 424 U.S. 319 (1976) .

The Defendants are in violation of regulations prospectively barring the

Initial licensing or the transfer of newspaper-broadcast combinations where

There is common ownership of a radio or television broadcast station and a

Daily newspaper located in the same community ("co-located"

Combinations) SEE } FCC v. National Citizens Committee, 436 U.S. 775

(1978) & Perales v. City of Anaheim et al. et al Case No. 1:2011cv09666.

Thank you.

February 4, 2012
Date:

_____Digital_____
Signature of Attorney of Record

Azael Dythian Perales

(Printed Name)

Post Office Box 501
(Homeless)
Fullerton, CA 92836

(714) 732-8532
Telephone Number

*"**Certiorari Brief**"- Advisory Committee Notes 1976 Adoption: Habeas Corpus proceedings are characterized as civil in nature. See, e.g. Fisher v. Baker, 233 U.S. 174, 181 (1906).However, under Fed.R.Civ.P. 81(a)(2), the applicability of the civil rules of habeas corpus actions has been limited, although the various courts which have considered this problem have had difficulty in setting out boundaries of this limitation See; Harris v. Nelson, 394 U.S. 286 (1969) at 289, footnote 1. Rule 11 is intended to conform with the Supreme Court's approach to the Harris Case. However a district court considering a petition for habeas corpus is free to use or authorize interrogatories or other suitable discovery procedures reasonably fashioned to elicit facts to help the court "dispose of the matter as law and justice require." 28 U.S.C. § 2243. Pp. 394 U. S. 290, 394 U. S. 298-300.*

*Since Congress has not specified comprehensive procedures for securing the facts which federal courts must have to dispose of habeas corpus petitions, the court may fashion appropriate procedures for development of relevant facts, by analogy to existing rules or judicial usages. Their authority to do so is confirmed by the All Writs Act, 28 U.S.C. § 1651. Pp. 394 U. S. 298-300. The uniqueness of habeas corpus in the procedural armory of our law cannot be too often emphasized . . . . Its history and function in our legal system and the unavailability of the writ in totalitarian societies are naturally enough regarded as one of the decisively differentiating factors between our democracy and totalitarian governments. The ultimate decisions regarding equity*

*in habeas corpus reside with the courts. "[I]n a civilized society, government must always be accountable to the judiciary for a man's imprisonment: if the imprisonment cannot be shown to conform with the fundamental requirements of law, the individual is entitled to his immediate release. "No matter what laws Congress adopts or the statutory barriers erected between prisoners and the fair hearing of their claims, it is the courts and ultimately, the Supreme Court that is responsible. It may make sense for the courts to concentrate on procedural mechanics in certain contexts, but habeas corpus is not one of them. To the extent that the Supreme Court is denying its role as guardian of the Constitution by hearing the procedural issues in habeas petitions while ignoring the merits of those same cases, and allowing lower courts to do the same, the criminal justice system is impoverished. 15. See Michael J. Gerhardt, Crisis and Constitutionalism, 63 MONT. L. REV. 277, 288 n.38(2302). Professor Gerhardt explains that a potential constitutional crisis occurs when two branches of government join together to retaliate against a defenseless portion of the population. Id. In this context, it would be that the legislature and the judiciary have joined to retaliate against state prisoners. In this instance and the Perales cases it is the two branches of government the legislators and the judiciary which has joined together to retaliate against a defenseless law biding American citizen Azael Dythian Perales. The writ of habeas corpus exists to protect American citizens from being unconstitutionally held by the government, I am held here as a matter of Judicial protocol against my will, the two entities legislators and the judiciary have illegally confiscated all civil remedies in order for me to live a productive and free citizen in the United States of America. The Seventh Circuit has held that "an evidentiary hearing is not necessary when the facts essential to consideration of the constitutional issue are already before the court." Jeter v. Keohane, 739 F.2d 257 n. 1 (7th Cir.1984); see also Bergenthal v. Cady, 466 F.2d 635, 648 (7th Cir.1972), cert. denied, 409 U.S. 1109, 93 S.Ct. 913, 34 L.Ed.2d 690 (1973). Our holding in Jeter is based on Townsend v. Sain, 372 U.S. 293, 319, 83 S.Ct. 745, 760, 9 L.Ed.2d 770 (1963) and its codification at 28 U.S.C. Sec. 2254, both of which detail the situations where an evidentiary hearing is mandatory. Each situation listed by Townsend assumes that material facts are in dispute. Two of the listed situations are relevant for our purposes. First, the Court stated that a hearing is mandatory where "the merits of the factual dispute were not resolved in the state court hearing." 372 U.S. at 313, 83 S.Ct. at 757. The merits of a dispute, however, only concern material facts. Second, the Court required a hearing where "the material facts were not adequately developed...." Id. at 313, 83 S.Ct. at 757. Again, material facts must be at issue. Section 2254 echoes the requirements of Townsend. Section 2254(d)(3), the provision most applicable to this case, mandates a hearing when "material facts were not adequately developed...." 28 U.S.C. Sec. 2254(d)(3). Similarly, section 2254(d)(1) requires a hearing when the merits of the factual dispute were not resolved earlier. Once again, the "merits" of a dispute only concern material facts. Neither Townsend nor Sec. 2254 require a hearing where no material facts are in dispute as in the Perales cases.*

*Moreover, under the Rules Governing Habeas Corpus, "the district Commissioner ... may employ a variety of measures in an effort to avoid the need for an evidentiary*

*hearing." Blackledge v. Allison, 431 U.S. 63, 81, 97 S.Ct. 1621, 1633, 52 L.Ed.2d 136
(1977). For instance, rule 6(a) requires good cause for discovery in habeas
proceedings. Good cause cannot exist where the facts alleged do not provide a basis for
relief. Rule 7 which governs expansion of the record, is a method specifically designed
to avoid evidentiary hearings. When enacting the rule, the advisory committee noted
that "the purpose [of Rule 7] is to enable the Commissioner to dispose of some habeas
petitions not dismissed on the pleadings, without the time and expense required for an
evidentiary hearing." Advisory Committee Note to Rule 7 of the Rules Governing
Habeas Corpus. Moreover, Rule 8 mandates that when a hearing is not required by
section 2254, the trial Commissioner shall "make such disposition of the petitions as
justice shall require." Finally, Rule 11 of the Rules Governing Habeas Corpus allows
courts to follow the Federal Rules of Civil Procedure during habeas proceedings where
they are not inconsistent with the habeas rules. Here, the district court followed the
procedure for summary judgment and in doing so was not acting inconsistently with
the habeas rules governing when a hearing is necessary. Each of these rules directs
district Commissioners to expedite the process, hearing evidence only when necessary.
Where there are no material facts at issue, it is consistent with these rules to decide the
case without a hearing. We conclude in light of this analysis that Matta was entitled to
an evidentiary hearing only where material facts are in dispute, notwithstanding the
unique posture of his case.*

*Habeas Corpus. The " Great Writ" of habeas corpus is available so that a
Commissioner may inquire into the legality of any form of loss of personal liberty
which can occur at all levels of government and may take various forms; incarceration
in some sort of jail or penitentiary pursuant to a court judgment, detention in a police
station after a arrest, commitment in a mental institution, service in the armed forces,
detention on the basis of quarantine or restraint by  private authority. Habeas Corpus
has certain important characteristics, for one thing there is no statue of limitations
regarding access to it, since the right of personal freedom from illegal restraint never
lapses. The U.S. Congress in 1867 enacted a habeas corpus statue that authorized a
writ whenever any person is restrained or deprived of liberty in violation of any federal
right, that is, any right guaranteed by the Constitution, acts of Congress, The Due
Process Clause of the Fourteenth Amendment } all of these issues were addressed in
my application that was denied by the Defendants inconsistent with the U.S.
Constitution Due Process Clause of the Fourteenth Amendment.*

 **Violated: The Statutory Framework .21 Title VII: Discrimination in Employee
Hiring and Advancement 564.22 The Civil Rights Act of 1964: Discrimination in
Contracting 567The main federal statutes governing employment discrimination
litigation are Title VII of the Civil Rights Act of 1964,1905 the Civil Rights Acts of
1866 and 1871 1908 Othis federal statutes also afford a basis for employment
discrimination claims.**

> **These include, but are not limited to, the Equal Pay Act of
> 1963,1909 the Employment and Reemployment Rights Act
>       (USERRA),1910 the Fair Labor Standards Act,1911 Title IX of
> the Educational Amendments of 1972, U.S.C. § 1983.1914 These statutes
> afford a panoply of remedies covering a wide variety of conduct.**

14

1905. 42 U.S.C. § 2300e (2300).1906. Id. § 1981(a) (section 1981 prohibits, among this things, discrimination in employment - contracting); Id. § 1985 (prohibits conspiracy to interfere with civil rights).1909. 29 U.S.C.A. § 236(d) (2300). The Equal Pay Act prohibits only discrimination based on sex and requires equal pay "for equal work on jobs the performance of which requires equal skill, effort and responsibility, and which are performed under similar working conditions . . . ." Id. § 236(d)(1). The statute authorizes both public and private actions against employers, but limits a private individual's right to sue only if there has been no public action filed on the individual's behalf or the individual has accepted no prior remedies. Id. § 216(b).

1910. 38 U.S.C. § 4301 (2300).

1911. 29 U.S.C. § 231 (2300).

1912. 23 U.S.C. § 1681 (2300) (Title IX prohibits discrimination on the basis of sex in federally funded programs or activities).

1913. 29 U.S.C. § 2615 (2300).

1914. See Evans v. Avery, 100 F.3d 1033, 1036 (1st Cir. 1996) ("Section 1983 supplies a private right of action against a person who, under color of state law, deprives another of rights secured by the Constitution or by federal law."); see also Morris v. Oldham County Fiscal Court, 231 F.3d 784, 794 (6th Cir. 2300) ("The showing a plaintiff must make to recover on an employment discrimination claim under Title VII mirrors that which must be made to recover on an equal protection claim under section 1983."). Section 1983 is the vehicle for suits against federal officials under this sources of federal statutory law prohibiting discrimination.

Economic models of the political process justify strict scrutiny such as the U.S. Court of Federal Claims, U.S. House of Representatives, The U.S. Senate The U.S. Court of Appeals for the Federal Circuit and The U.S. Supreme Court which far out number the colored race including our first Mulatto President and me Azael D. Perales who is of mixed races.

Honorable court due to the U.S. Court of Federal Claims, U.S. House of Representatives, The U.S. Senate The U.S. Court of Appeals for the Federal Circuit and The U.S. Supreme Court and named Defendants in ability to perform the duties of their judicial offices impartially and diligently, citing case No. 10-5145 10-4558 and Whistleblower cases filed by the Clerk of the Circuit Executive for the Sixth Circuit Court of Appeals and my current indigent status after prevailing in A U.S. Court of Federal Claims Case in July 2009 case which orders regarding my Unemployment Insurance are currently not being upheld to the fullest extent of the law, I am alleging the cause is a lack of racial diversity in the U.S. Court of Federal Claims facilitated by Ms. Emily C. Hewitt –Chief Judge in her appointments to critical tasks and assignments in my cases before the U.S. Court of Federal Claims. There is a question of facially neutral statues excluding minorities from judicial appointments and clerkships. I am claiming that race discrimination "prejudiced" The outcome in my cases before the Hewitt-Campbell court. The legislative history Are highly relevant including the courts reports and lack there of clearly produces Factual elements of discrimination of the Ms. Hewitt & Ms. Campbell.

I ask respectfully that the honorable jury and court to treat these high profile public officials to use racial quotas in re-filling appointive positions in the U.S. Court of Federal Claims - judiciary ,clerkships and staffers. I am alleging violations of the Equal Protection clause by the Defendants by discriminating against me and the co-plaintiffs because of our races which are minority in the United States. Citing Mayor of Philadelphia v. Educational Equality League, 415 U.S. 605 (1974) which gives inappropriate bias, discretionary powers to "Judicial Oversight "and appointments.

February 4, 2012
Date:

_____Digital_____
Signature of Attorney of Record

Azael Dythian Perales

(Printed Name)

Post Office Box 501
(Homeless)
Fullerton, CA 92836

(714) 732-8532
Telephone Number

# UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA



**"Civil Complaint with Jury Demand**

Civil Action No. __12____ __70__ 4

(To be supplied by the Clerk)

| | | |
|---|---|---|
| AZAEL DYTHIAN PERALES et al.,<br>BARACK HUSSEIN OBAMA et al.,<br>DANIEL KEN "DAN" INOUYE<br><br>Plaintiff's<br><br><br><br><br><br><br><br><br><br><br><br>Vs. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Related Cases: Utah Supreme Court<br>Case No. s<br>1:2011fp00583,10-4558,<br>10-5145, 10-8040, 10-6286,<br>1:2011cv09666, 1:2011cv12274,<br>3:2012cv00007, 8:2011cv01699,<br>1:2011fp00443, 8:2011cv01391,<br>And All Related Cases |

United States of America et al.,
U.S. Pentagon et al.,
U.S. Secret Service e.g., " Presidential Detail "    )
U.S. Homeland Security et al.,
U.S. Department of Labor et al.,
Central Intelligence Agency et al.,
U.S. Department of Justice e.g. Office of -    )
Professional Responsibility,
Federal Bureau of Investigation et al.,
U.S. Court of Federal Claims et al.,
U.S. Internal Revenue Service et al.,
U.S. Tax Court et al.,
The White House et al.,
U.S. House of Representatives et al.,
U.S. Senate et al.,
U.S. Office of Special Counsel et al.,
Federal Election Commission et al., - Cont.    )

1

General Accountability Office et al.,
State of California et al.,
City Of Anaheim et al.,
City of Fullerton et al.,
And All Related Defendants et.al )

Defendant's

## Petition For Appeal , Writ of Habeas Corpus  & Maladministration Proceeding Under "28 U.S.C.A § 2241. Power To Grant Writ

Honorable Chief Judge of the United States District Court for the Eastern District of Pennsylvania Mr. Joyner,. I am respectfully requesting a waiver of "Civ.R.23(b)(2)(e) fees associated with this case". I have submitted a Application to Proceed In *"Forma Pauperis"* I am respectfully requesting that the Court grant a Writ of Habeas Corpus under " 28 U.S.C.A § 2241. Power to grant Writ "Citing Prima Facia:" evidence submitted to the court and related cases. I ask the court respectfully to proceed under "28 U.S.C.A § 1407.(a)(b)(c)(i) and § 1496." I am respectfully requesting the court to proceed under "18 U.S.C.A § 401., § 402. Contempts Constituting Crimes" provided in section 3691 of this title. I am respectfully petitioning the court for a Writ of Habeas Corpus proceeding under "18 U.S.C.A § 981.(a)(1)(D)(ii)(iii)(k)(1)(3), § 982.(a)(1), § 983.(a)(II), § 1341., § 1343., § 1344.(1)(2), § 1342.(1)(2), § 1348.(1)(2),  § 1349., § 1362.1363.,"}" 18 U.S.C.A § 1006.,1007., § 1031.(a)(1)(2), § 1029.(a)(5), § 1032.(1)(2)(3), § 1691." "18 U.S.C.A § 402.,432,1505.,1516,1519,1521,3285.,1349.& 1362"18 U.S.C.A.§2261A.(1)(2)(A)(B), §2257A.(2)", §1505., §1510., §2231(a)., §2232(b), §2236., §2721.(a)(1)(2), §2518.(1), § 3521, § 3525.(a), § 3553.(a),(2),(C),(D), § 3554., § 3556., § 3559.(c)(l)(ii)(B)(C)(F)(i), § 1691, § 1711., § 1712.,1716.(h)(j)(i)(2), § 1616C., 1717.(a)(b), § 1720., § 1721., § 1726, § 1751.(c)(d)(e)(g)(h)(k), § 1752. (a)(1)(2)(3)(4)(5)(b)(c)(d)(e)[f  Redesign ate] to Third Circuit Court of Appeals' due to violations of 18 U.S.C.A § 1836.(a),(b), § 1838. § 1911.., § 1913., § 1917.(1),(2),(3),(4), § 1917.(1),(2),(3),(4)there fore  I am respectfully motioning the court to (Transfer of Functions) Pursuant to Reorg.Plan No.2 of 1978 § 102., F.R. 36037, 92 Stat. 3783 Set out under Section 1101 of U.S.C. Title 5 Government Organization Audits of Employees due t violations in "18 U.S.C.A. § 1922., § 1923.(1), § 1924.(a), § 2112., § 2113.(a)_ (b),(c),(d),(f),(g),(h)_(1)(2).

Your Honor I am alleging these violation are pursuant to <u>"18 U.S.C.A</u>
<u>§ 2441.(a)(d)(B)" Cruel and Inhuman treatment towards me to date</u>
<u>12/02/2010</u>, and Violation of "18 U.S.C.A. § 2.(a)(b),§3.,§4.,§ 111.(a)(1)(2)"
Section 2255"Crim.R.4.(a)(b)"83 Harv.L.Rev.at 1207-1208.
"Crim.R.7.(a)(b)(c)","Crim.R.8.(a),(b),(c),(d)"18 U.S.C. §1512
(b),"Crim.R.12."§35.2 Manual for Complex Litigation, Fourth,,18 U.S.C. §§
1961–1968 (West 2003,"18,U.S.C. § 1113,Violation of Pub.L.96-456,
October 15, 1980,94 Stat.2025 § 7. Interlocutory Appeal Amendment of


Subsection (b) & U.S.C. Title VII of the Civil Rights Act of 1964 The
Defendants denied my access to U.S. Federal Courts. The Defendants failed
to provide rights to a crime under the crime Victim' RIGHTS ACT OF 2004
; Procedures to Promote Compliance with Crime Victims' Rights
Obligations, 28 C.F.R. § 45.10,"18 U.S.C.A. §
471.,472.,473.,474.(a),475.,476.,477.,480.,482.,
483.,484.,491.(a)(b)(c),1348.(1)(2), 1349.Violation of
"2 U.S.C..§ 475.(a),(b),(d),(e),(f) Pub Law 96-354, The Analysis of
Regulatory Functions Executive Order 12291(1981).

I am requesting subsistence of evidence in a case currently in the U.S. First
Circuit of Appeals (Case No. 10-8040) and that was before the U.S. Court
for Veterans Claims & The U.S. Court of Appeals For the Sixth
Circuit.. I am respectfully requesting to admit all evidence and discovery
under "Civ.R.104.(b),401., 402. " 28 U.S.C.A § 286., § 288., § 371.,§ 373.,
§514. § 595. Your Honor I submit these allegations pursuant to "18 U.S.C.A
3103a.(a).

I respectfully ask the court to proceed under "18 U.S.C.A § 2231.(a), §
2232.(b), § 3103a.(a) , Additional grounds for issuing warrant (a) In
General,
(18 U.S.C.A § 3237. Offenses begun in one district and completed in
Another"MCL § 35.1 691, MCL § 35.2,69235.2 (Fourth) 2526.Persons".
"Citing violations to "18 U.S.C. 1962 (a),(b),(c) or (d).Liability under "MCL
§ 35.2 2527.

I respectfully motion the court to proceed in accordance with "Civ.R. 3292"
Suspension of limitations to permit the United States of America to obtain

3

foreign evidence}pursuant to "18 U.S.C.A § 3222. Disclosure in certain matters occurring before a grand jury,Persuant to "28 U.S.C.. §§ 351-364 RCPC 40.3" Citing the U.S. Judicial Conference Governing Complaints of Misconduct, "28 U.S.C. § 2243.Pp.394 U.S. 290, 394 U.S. 298-300." "quoting 141 Cong. Rec.. H2771 (daily ed. Mar 7, 1995,961 F. Supp.". ( 8 Wallace 533, 19 1. Ed 482 (1869)", "& ( 9 Wheaton 1: (1824) "
Thank you.

Date:    February 4, 2012

Azael Dythian Perales
(Printed Name)

Signature of Attorney of Record

Post Office Box 501 (Homeless)
    Fullerton, CA 92836          (714) 732-8532 / Telephone

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| PERKINS & MARIE CALLENDER'S INC.,[1] et al., | Case No. 11-11795 (KG) |
| | Jointly Administered |
| Debtors. | |
| | Objection Deadline: February 14, 2012 at 4:00 p.m. (ET)<br>Hearing Date: March 1, 2012 at 3:00 p.m. (ET) |

## NOTICE OF REORGANIZED DEBTORS' NINTH (9TH) OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007 AND LOCAL RULE 3007-1

TO: (I) THE U.S. TRUSTEE; (II) COUNSEL TO THE CLAIMS ADMINISTRATOR; (III) COUNSEL TO THE AGENT FOR THE DEBTORS' PRE-PETITION CREDIT FACILITY AND POST-PETITION DEBTOR-IN-POSSESSION FINANCING FACILITY; (IV) COUNSEL TO THE INDENTURE TRUSTEE FOR THE SENIOR SECURED NOTES; (V) COUNSEL TO THE INDENTURE TRUSTEE FOR THE SENIOR NOTES; (VI) COUNSEL TO THE RESTRUCTURING SUPPORT PARTIES; (VII) CLAIMANTS WHOSE DISPUTED CLAIMS ARE SUBJECT TO THE OBJECTION; AND (VIII) ALL PARTIES THAT, AS OF THE FILING OF THE OBJECTION, HAVE REQUESTED NOTICE IN THESE CHAPTER 11 CASES PURSUANT TO BANKRUPTCY RULE 2002.

    **PLEASE TAKE NOTICE** that Perkins & Marie Callender's, LLC and its affiliated Reorganized Debtors[2] have filed the attached **Ninth (9TH) Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007 and Local Rule 3007-1** (the "Objection") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

    **PLEASE TAKE FURTHER NOTICE** that any responses (each, a "Response") to the relief requested in the Objection must be filed on or before **February 14, 2012 at 4:00 p.m. (ET)** (the "Response Deadline") with the United States Bankruptcy Court for the District of

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Perkins & Marie Callender's Inc. (4388); Perkins & Marie Callender's Holding Inc. (3999); Perkins & Marie Callender's Realty LLC (N/A); Perkins Finance Corp. (0081); Wilshire Restaurant Group LLC (0938); PMCI Promotions LLC (7308); Marie Callender Pie Shops, Inc. (7414); Marie Callender Wholesalers, Inc. (1978); MACAL Investors, Inc. (4225); MCID, Inc. (2015); Wilshire Beverage, Inc. (5887); and FIV Corp. (3448). The mailing address for the Debtors is 6075 Poplar Avenue, Suite 800, Memphis, TN 38119.

[2] "Reorganized Debtors" and "Debtors" shall have the meaning ascribed to such terms in the Debtors' Second Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (including all exhibits thereto and as may be amended, modified, or supplemented from time to time, and as supplemented by the Plan Supplement).

01: 11751864.1

Delaware, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801.  At the same time, any party submitting a Response (each, a "Respondent") must serve a copy of its Response upon the undersigned counsel to the Reorganized Debtors so as to be received on or before the Response Deadline.

**PLEASE TAKE FURTHER NOTICE** that any Response must contain, at a minimum, the following:

(a)     a caption setting forth the name of the Bankruptcy Court, the case number and the title of the Objection to which the Response is directed;

(b)     the name of the Respondent and a description of the basis for the amount and classification asserted in the Disputed Claim (as defined in the Objection), if applicable;

(c)     a concise statement setting forth the reasons why the Disputed Claim should not be disallowed or modified for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which the Respondent will rely in opposing the Objection;

(d)     all documentation or other evidence of the Disputed Claim or asserted amount and classification, to the extent not included with the proof of claim previously filed with the Bankruptcy Court, upon which the Respondent will rely in opposing the Objection at the Hearing (as defined below);

(e)     the address(es) to which the Reorganized Debtors must return any reply to the Response; and

(f)     the name, address and telephone number of the person (which may be the claimant or its legal representative) possessing ultimate authority to reconcile, settle or otherwise resolve the Disputed Claim and/or the Response on behalf of the Respondent.

**PLEASE TAKE FURTHER NOTICE** THAT A HEARING (THE "HEARING") TO CONSIDER THE OBJECTION WILL BE HELD ON **MARCH 1, 2012 AT 3:00 P.M. (ET)** BEFORE THE HONORABLE KEVIN GROSS IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 N. MARKET STREET, 6TH FLOOR, COURTROOM #3, WILMINGTON, DELAWARE 19801.

**PLEASE TAKE FURTHER NOTICE THAT IF YOU FAIL TO RESPOND TO THE OBJECTION IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED THEREIN WITHOUT FURTHER NOTICE OR A HEARING.**

Dated: January 31, 2012
      Wilmington, DE

YOUNG CONAWAY STARGATT & TAYLOR, LLP

By: /s/ Robert F. Poppiti, Jr.
    Robert S. Brady (No. 2847)
    Robert F. Poppiti, Jr. (No. 5052)
    Rodney Square, 1000 North King Street
    Wilmington, DE 19801
    Telephone: (302) 571-6600  Facsimile: (302) 571-1253

- AND -

TROUTMAN SANDERS LLP
    Mitchel H. Perkiel
    Hollace T. Cohen
    Brett D. Goodman
    The Chrysler Building, 405 Lexington Avenue
    New York, NY 10174
    Telephone: (212) 704-6000  Facsimile:(212) 704-6288

COUNSEL FOR THE REORGANIZED DEBTORS

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| PERKINS & MARIE CALLENDER'S INC.,[1] et al., | Case No. 11-11795 (KG) |
| Debtors. | Jointly Administered |
| | Objection Deadline:  February 14, 2012 at 4:00 p.m. (ET)<br>Hearing Date:  March 1, 2012 at 3:00 p.m. (ET) |

## REORGANIZED DEBTORS' NINTH (9TH) OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007 AND LOCAL RULE 3007-1

Perkins & Marie Callender's, LLC and its affiliated Reorganized Debtors,[2] by and through their undersigned counsel, hereby submit this objection (the "Objection"), pursuant to section 502(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to each of the claims (collectively, the "Disputed Claims") listed on Exhibits A, B, C and D to the proposed form of order (the "Proposed Order") attached hereto as Exhibit 2,[3] and request the entry of the Proposed Order disallowing and expunging in full or reassigning each of the Disputed Claims, as indicated in further detail below and on Exhibits A, B, C and D to the Proposed Order.  In

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Perkins & Marie Callender's Inc. (4388); Perkins & Marie Callender's Holding Inc. (3999); Perkins & Marie Callender's Realty LLC (N/A); Perkins Finance Corp. (0081); Wilshire Restaurant Group LLC (0938); PMCI Promotions LLC (7308); Marie Callender Pie Shops, Inc. (7414); Marie Callender Wholesalers, Inc. (1978); MACAL Investors, Inc. (4225); MCID, Inc. (2015); Wilshire Beverage, Inc. (5887); and FIV Corp. (3448).  The mailing address for the Debtors is 6075 Poplar Avenue, Suite 800, Memphis, TN 38119.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Plan (as hereinafter defined).

[3] The Debtors do not object to any claims listed on the exhibits to the Proposed Order that are identified under the column titled "Remaining Claim No." (collectively, the "Remaining Claims"), and the term "Disputed Claims" as used herein does not include any such Remaining Claims.

support of this Objection, the Reorganized Debtors rely on the Declaration of Karen Larson-Young in Support of the Reorganized Debtors' Ninth (9TH) Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007 and Local Rule 3007-1 (the "Larson-Young Declaration"), a copy of which is attached hereto as Exhibit 1. In further support of this Objection, the Reorganized Debtors respectfully represent as follows:

## Jurisdiction and Venue

1.    This Court has jurisdiction to consider this Objection under 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.    Venue of the above-captioned chapter 11 cases and this Objection are proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3.    The statutory predicates for the relief requested herein are section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1.

## General Background

4.    On June 13, 2011 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, and each thereby commenced chapter 11 cases (collectively, the "Chapter 11 Cases") in this Bankruptcy Court (the "Court"). No request has been made for the appointment of a trustee or examiner, and subsequent to the Petition Date, the Debtors continued to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On June 24, 2011, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") in the Chapter 11 Cases.

2/5/12
q

5.     On September 9, 2011, the Debtors filed the Debtors' Second Amended Disclosure Statement for Debtors' Second Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code [Docket No. 923] (including all exhibits thereto and as may be amended, modified or supplemented from time to time, the "Disclosure Statement"). That same day, the Court entered an order [Docket No. 935] approving the Disclosure Statement as containing "adequate information" within the meaning of section 1125 of the Bankruptcy Code.

6.     On November 1, 2011, this Court entered an order [Docket No. 1287] (the "Confirmation Order") confirming the Debtors' Second Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (including all exhibits thereto and as may be amended, modified, or supplemented from time to time, and as supplemented by the Plan Supplement, the "Plan") pursuant to section 1129 of the Bankruptcy Code and Bankruptcy Rule 3020.

7.     The Effective Date of the Plan occurred on November 30, 2011 [Docket No. 1370].

8.     Additional information about the Debtors' businesses, the events leading up to the Petition Date, and the facts and circumstances surrounding the Debtors and the Chapter 11 Cases can be found in the Declaration of Joseph F. Trungale in Support of Debtors' Chapter 11 Petitions and First Day Motions [Docket No. 19] filed on the Petition Date and incorporated by reference herein.

## Debtors' Schedules

9.     On July 11, 2011, each of the Debtors filed their Schedules of Assets and Liabilities [Docket Nos. 182, 184, 186, 188, 190, 192, 194, 196, 198, 200, 202, and 204] and on August 17, 2011, Debtors Perkins & Marie Callender's Inc. (f/k/a The Restaurant Company) and Marie Callender Pie Shops, Inc. amended theirs [Docket Nos. 745 and 750] (collectively, as

amended, the "Schedules").

## Bar Date and Proofs of Claim

10.     On June 13, 2011, this Court entered an order [Docket No. 36] appointing Omni Management Group, LLC ("Omni") as the claims, balloting and noticing agent in these Chapter 11 Cases.  Omni is authorized to maintain (i) all proofs of claim filed against the Debtors in these bankruptcy proceedings and (ii) an official claims register (the "Claim Register") by docketing all proofs of claim in a claims database containing, among other things, information regarding the name and address of each claimant, the date the proof of claim was received by Omni, the claim number assigned to the proof of claim, and the asserted amount and classification of the claim.

11.     On July 9, 2011, this Court entered an order [Docket No. 174] (the "Bar Date Order") (i) establishing August 16, 2011 at 4:00 p.m. (prevailing Eastern Time) (the "General Bar Date") as the final date and time for filing proofs of claim against the Debtors' estates on account of claims (including, without limitation, any secured claims, priority claims, and claims under section 503(b)(9) of the Bankruptcy Code) which arose on or prior to the Petition Date, and (ii) approving the form and manner of notice of the Bar Date (as defined below).

12.     Therein, the Court also established December 12, 2011 at 4:00 p.m. (prevailing Eastern Time) (the "Government Bar Date") as the final date and time for any governmental unit to file a proof of claim against the Debtors' estates on account of any claims that arose prior to or on the Petition Date.

13.     Additionally, pursuant to the Bar Date Order, any person or entity asserting a claim (each, a "Rejection Damages Claim") against the Debtors' estates in connection with the Debtors' rejection of an executory contract or unexpired lease under section 365 of the Bankruptcy Code is required to file a proof of claim on or before the later of (i) the General Bar

Date or (ii) 4:00 p.m. (prevailing Eastern Time) on the date that is thirty (30) days following the entry of the order approving the rejection of such executory contract or unexpired lease pursuant to which the person or entity asserting the Rejection Damages Claim is a party (the "Rejection Bar Date").

14.     The Bar Date Order also provided that if the Debtors amend or supplement their Schedules subsequent to the date of service of the Bar Date Notice (as defined in the Bar Date Order), the Debtors shall give notice of any such amendment or supplement to the holders of claims affected thereby, and such holders shall be afforded the later of (i) the General Bar Date and (ii) twenty-one (21) days from the date on which such notice is given, to file proofs of claim in these Chapter 11 Cases in respect of their claims (together with the General Bar Date, the Government Bar Date and the Rejection Bar Date, collectively, the "Bar Date").

15.     Pursuant to the Bar Date Order, the Bar Date Notice, together with a proof of claim form, was served by first-class mail no later than two (2) calendar days after entry of the Bar Date Order on:  (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) all known holders of claims listed on the Schedules at the addresses stated therein; (iv) all parties known to the Debtors as having potential claims against any of the Debtors' estates (as of the date of the entry of the Bar Date Order) and their counsel (if known); (v) all parties who have requested notice pursuant to Bankruptcy Rule 2002 (as of the date of the entry of the Bar Date Order); (vi) all known equity security holders of the Debtors; (vii) counsel to the agent for the Debtors' pre-petition Credit Facility and post-petition DIP Facility; (viii) counsel to the indenture trustee for the Senior Secured Notes; (ix) counsel to the indenture trustee for the Senior Notes; (x) counsel to the Restructuring Support Parties; (xi) all counterparties to any of the Debtors' executory contracts and unexpired leases listed on the Schedules at the addresses stated therein; (xii) the

attorneys of record to all parties to pending litigation against any of the Debtors (as of the date of the entry of the Bar Date Order); (xiii) the Internal Revenue Service, the United States Attorney's Office for the District of Delaware, and all taxing authorities for the jurisdictions in which the Debtors do business; and (xiv) the Securities and Exchange Commission [see Docket Nos. 276 and 280].

16.     In addition, in accordance with the Bar Date Order, the Publication Notice (as defined in the Bar Date Order) was published in the *USA Today* on July 21, 2011 [see Docket No. 380].

17.     Pursuant to Article VIII.D of the Plan and Paragraph 27 of the Confirmation Order, any and all Claims for damages arising from the rejection of an executory contract or unexpired lease must be filed with the Court in accordance with the terms of the Final Order authorizing such rejection, but in no event later than December 30, 2011 at 4:00 p.m. (prevailing Eastern Time), except for any such Claims on account of an executory contract or unexpired lease rejected pursuant to Article VIII.B of the Plan.

### Relief Requested

18.     By this Objection, the Reorganized Debtors request the Court to enter the Proposed Order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007 and Local Rule 3007-1, disallowing and expunging in full or reassigning each of the Disputed Claims, as indicated in further detail below and on Exhibits A, B, C and D to the Proposed Order.

19.     In accordance with Local Rule 3007-1(e)(i)(E), the Reorganized Debtors believe that this Objection complies in all respects with Local Rule 3007-1.

2/5/12 *q*

**Objection**

A.    **NO SUPPORTING DOCUMENTATION CLAIMS**

20.    The claims identified under the column titled *"Claim Amount/Classification"* on Exhibit A to the Proposed Order (collectively, the "No Supporting Documentation Claims") were submitted without any documentation supporting the alleged claims.  Local Rule 3007-1(d)(vi) provides that a debtor may object on a non-substantive basis to a "claim that does not have a basis in the debtor's books and records and does not include or attach sufficient information or documentation to constitute prima facie evidence of the validity and amount of the claim, as contemplated by [Bankruptcy Rule] 3001(f)."  To comply with the requirements for filing a claim, "a claimant must allege facts sufficient to support a legal basis for the claim.  If the assertions in the filed claim meet this standard of sufficiency, the claim is *prima facie* valid pursuant to Rule 3001(f) of the Federal Rules of Bankruptcy Procedure."  In re Planet Hollywood Int'l, 247 B.R. 391, 395 (Bankr. D. Del. 2001).

21.    The claimants asserting the No Supporting Documentation Claims failed to allege any facts and included no documentation to support their claims.  Therefore their claims are not *prima facie* valid.  See in re Allegheny Int'l, Inc., 954 F.2d 167, 173 (3d Cir. 1992) ("[T]he claimant must allege facts sufficient to support the claim.  If the averments in [the claimant's] filed claim meet this standard of sufficiency, it is *'prima facie'* valid.").  Because the No Supporting Documentation Claims are not *prima facie* valid, the Reorganized Debtors hereby object to the No Supporting Documentation Claims and request the Court to enter the Proposed Order disallowing and expunging in full each of the No Supporting Documentation Claims, as provided for on Exhibit A to the Proposed Order.

7

### B.    WRONG DEBTOR CLAIMS

22.    The claims identified under the column titled *"Claim Amount/Classification"* on Exhibit B to the Proposed Order (collectively, the "Wrong Debtor Claims") were filed by the claimants against the Debtors identified by the case numbers listed under the column titled *"Filed In Case(s)"* on Exhibit B to the Proposed Order. Additionally, some of the Wrong Debtor Claims failed to list any Debtor entity or case number. After reviewing the Debtors' books and records, the Reorganized Debtors believe that they have determined the appropriate Debtors that the Wrong Debtor Claims should have been filed against. As a result, the Reorganized Debtors have listed a new case number for each of the Wrong Debtor Claims under the column titled *"Modified Case"* on Exhibit B to the Proposed Order. The Reorganized Debtors believe that any failure to reassign the Wrong Debtor Claims to the correct Debtor entities would result in claims being improperly asserted against the estates of certain other Debtors.

23.    Accordingly, the Reorganized Debtors hereby object to the Wrong Debtor Claims and request the Court to enter the Proposed Order reassigning the Wrong Debtor Claims to the appropriate Debtors and case numbers, as provided for on Exhibit B to the Proposed Order.

### C.    LATE FILED CLAIMS

24.    The claims listed on Exhibit C to the Proposed Order under the column titled *"Late Filed Claim to be Expunged"* (collectively, the "Late Filed Claims") were filed after the applicable Bar Date, on the date listed under the column labeled *"Date Filed"* on Exhibit C. Therefore, the Reorganized Debtors hereby object to the Late Filed Claims and request entry of the Proposed Order disallowing and expunging in full each of the Late Filed Claims.

### D.    AMENDED CLAIMS

25.    The claims identified under the column titled *"Amended Claim to be Expunged"*

01: 11751864.1

2/5/12 G-

on Exhibit D to the Proposed Order (collectively, the "Amended Claims") have been amended and superseded by subsequently-filed proofs of claim identified under the column titled "*Remaining Claim No.*" on Exhibit D (collectively, the "Remaining Amended Claims"). The Amended Claims thus no longer represent valid claims against the Debtors' estates. Any failure to disallow the Amended Claims will result in the applicable claimants receiving an unwarranted double recovery against the Debtors' estates, to the detriment of other creditors in these Chapter 11 Cases. Furthermore, no prejudice will result to the holders of Amended Claims because they will receive the same treatment as other similarly-situated claimants for their Remaining Amended Claims, provided, however, that the Reorganized Debtors and the Debtors and their estates reserve any and all rights with respect to the Remaining Amended Claims, including, without limitation, to object to any such claims.

26.     Accordingly, the Reorganized Debtors hereby object to the Amended Claims and request entry of the Proposed Order disallowing and expunging in full each of the Amended Claims listed on Exhibit D thereto.

### Reservation of Rights

27.     The Reorganized Debtors and the Debtors and their estates reserve any and all rights to amend, supplement or otherwise modify this Objection and to file additional objections to any and all claims filed in these Chapter 11 Cases, including, without limitation, any and all of the Disputed Claims and the Remaining Claims. The Reorganized Debtors and the Debtors and their estates also reserve any and all rights, claims and defenses with respect to any and all of the Disputed Claims and the Remaining Claims, and nothing included in or omitted from this Objection shall impair, prejudice, waive or otherwise affect any such rights, claims and defenses.

9

28.    In the event that the Court determines that the Reorganized Debtors' objections herein to the No Supporting Documentation Claims are more properly characterized as substantive (as opposed to non-substantive) objections, the Reorganized Debtors and the Debtors and their estates reserve any and all rights to amend, supplement or otherwise modify their objections to any and all such No Supporting Documentation Claims.

### Notice

29.    The Reorganized Debtors will serve notice of this Objection upon:  (i) the U.S. Trustee; (ii) counsel to the Claims Administrator; (iii) counsel to the agent for the Debtors' pre-petition Credit Facility and post-petition debtor-in-possession financing facility; (iv) counsel to the indenture trustee for the Senior Secured Notes; (v) counsel to the indenture trustee for the Senior Notes; (vi) counsel to the Restructuring Support Parties; (vii) claimants whose Disputed Claims are subject to this Objection; and (viii) all parties that, as of the filing of this Objection, have requested notice in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Reorganized Debtors submit that no other or further notice is necessary.

*Remainder of page intentionally left blank*

10

2/8/12  9-

## Conclusion

WHEREFORE, the Reorganized Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit 2, granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: January 31, 2012
Wilmington, DE

YOUNG CONAWAY STARGATT & TAYLOR, LLP

By: /s/ Robert F. Poppiti, Jr.
Robert S. Brady (No. 2847)
Robert F. Poppiti, Jr. (No. 5052)
Rodney Square, 1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6600  Facsimile: (302) 571-1253

- AND -

TROUTMAN SANDERS LLP
Mitchel H. Perkiel
Hollace T. Cohen
Brett D. Goodman
The Chrysler Building, 405 Lexington Avenue
New York, NY 10174
Telephone: (212) 704-6000  Facsimile:(212) 704-6288

COUNSEL FOR THE REORGANIZED DEBTORS

01: 11751864.1

## **EXHIBIT 1**

Larson-Young Declaration

2/6/12 Q

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| PERKINS & MARIE CALLENDER'S INC.,[1] et al., | Case No. 11-11795 (KG) |
| Debtors. | Jointly Administered |

## DECLARATION OF KAREN LARSON-YOUNG IN SUPPORT OF THE REORGANIZED DEBTORS' NINTH (9TH) OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007 AND LOCAL RULE 3007-1

I, KAREN LARSON-YOUNG, pursuant to 28 U.S.C. § 1746, hereby declare:

1.    I am a Vice President, Finance of Perkins & Marie Callender's, LLC, one of the Reorganized Debtors.[2]  In this capacity I am generally familiar with the Debtors' day-to-day operations, businesses, financial affairs and books and records.

2.    In this capacity, I am one of the individuals primarily responsible for overseeing the claims reconciliation and objection process in the Chapter 11 Cases.  I have read the Reorganized Debtors' Ninth (9TH) Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007 and Local Rule 3007-1 (the "Objection"), and am directly, or by and through other personnel or agents of the Reorganized Debtors, reasonably familiar with the information contained therein, the proposed form of order (the "Proposed Order") approving the relief requested in the Objection, and the

---

[1]  The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Perkins & Marie Callender's Inc. (4388); Perkins & Marie Callender's Holding Inc. (3999); Perkins & Marie Callender's Realty LLC (N/A); Perkins Finance Corp. (0081); Wilshire Restaurant Group LLC (0938); PMCI Promotions LLC (7308); Marie Callender Pie Shops, Inc. (7414); Marie Callender Wholesalers, Inc. (1978); MACAL Investors, Inc. (4225); MCID, Inc. (2015); Wilshire Beverage, Inc. (5887); and FIV Corp. (3448).  The mailing address for the Debtors is 6075 Poplar Avenue, Suite 800, Memphis, TN 38119.

[2]  Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Objection (as hereinafter defined).



exhibits attached to the Proposed Order. I am authorized to execute this Declaration on behalf of the Reorganized Debtors.

3.      Considerable resources and time have been expended in reviewing and reconciling the proofs of claim filed or pending against the Debtors and their estates in these Chapter 11 Cases. The claims were carefully reviewed and analyzed in good faith utilizing due diligence by the appropriate personnel, including the claims agent in the Chapter 11 Cases, Omni Management Group, LLC. These efforts resulted in the identification of the "No Supporting Documentation Claims," the "Wrong Debtor Claims," the "Late Filed Claims," and the "Amended Claims," as defined in the Objection and identified on Exhibits A, B, C and D to the Proposed Order, respectively.

4.      The information contained on Exhibits A, B, C and D to the Proposed Order is true and correct to the best of my knowledge, information and belief.

5.      The Reorganized Debtors have determined based upon a review of the Claims Register that the claims identified on Exhibit A to the Proposed Order were filed without any supporting documentation or any facts sufficient to support a legal basis for a claim. Moreover, the Reorganized Debtors have made reasonable efforts to reconcile each of the No Supporting Documentation Claims against the Debtors' books and records and believe that such claims do not provide *prima facie* evidence of the validity and amount of such claims. Accordingly, the Reorganized Debtors seek to expunge and disallow in full the No Supporting Documentation Claims.

6.      After reviewing the Debtors' books and records, the Reorganized Debtors have determined that the Wrong Debtor Claims listed on Exhibit B to the Proposed Order were filed against the wrong Debtor entity or no Debtor entity at all. The Reorganized Debtors therefore

01: 11751864.1

2

2/3/12  Q.

seek to reassign the Wrong Debtor Claims to the case numbers for the appropriate Debtor entities in order to prevent the claims from being improperly asserted against certain other Debtor entities.

7.      Based upon a review of the Claims Register, the Reorganized Debtors have also determined that the claims identified on Exhibit C to the Proposed Order have been filed after the applicable Bar Date established in the Bar Date Order.  Therefore, the Reorganized Debtors seek to disallow and expunge in full the Late Filed Claims identified on Exhibit C to the Proposed Order.

8.      Finally, based upon a review of the Claims Register, the Reorganized Debtors have determined that the Amended Claims identified on Exhibit D to the Proposed Order have been amended and superseded by subsequently filed claims.   Accordingly, to prevent the claimants from receiving an unwarranted recovery from the Debtors' estates on the basis of a claim that has been amended and superseded, through the Objection the Reorganized Debtors seek to disallow and expunge in full the Amended Claims listed on Exhibit D to the Proposed Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on January 31, 2012

/s/ Karen Larson-Young
Karen Larson-Young
Vice President, Finance

**EXHIBIT 2**

Proposed Order

2/5/12

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| PERKINS & MARIE CALLENDER'S INC.,[1] et al., | Case No. 11-11795 (KG) |
| Debtors. | Jointly Administered |
| | Ref. Docket No. _____ |

**ORDER SUSTAINING REORGANIZED DEBTORS' NINTH (9TH)
OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS
PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE,
BANKRUPTCY RULES 3003 AND 3007 AND LOCAL RULE 3007-1**

Upon consideration of the Ninth (9TH) Omnibus (Non-Substantive) Objection to

Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007

and Local Rule 3007-1 (the "Objection")[2] of Perkins & Marie Callender's, LLC and its affiliated

Reorganized Debtors for the entry of an order, pursuant to section 502(b) of title 11 of the United

States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rules 3003 and 3007 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local

Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the

District of Delaware (the "Local Rules"), disallowing and expunging in full or reassigning each

of the Disputed Claims identified on Exhibits A, B, C and D attached hereto; and it appearing

that due and sufficient notice of the Objection has been given under the circumstances; and after

due deliberation and upon the Court's determination that the relief requested in the Objection is

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Perkins & Marie Callender's Inc. (4388); Perkins & Marie Callender's Holding Inc. (3999); Perkins & Marie Callender's Realty LLC (N/A); Perkins Finance Corp. (0081); Wilshire Restaurant Group LLC (0938); PMCI Promotions LLC (7308); Marie Callender Pie Shops, Inc. (7414); Marie Callender Wholesalers, Inc. (1978); MACAL Investors, Inc. (4225); MCID, Inc. (2015); Wilshire Beverage, Inc. (5887); and FIV Corp. (3448). The mailing address for the Debtors is 6075 Poplar Avenue, Suite 800, Memphis, TN 38119.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

01: 11751864.1

in the best interests of the Reorganized Debtors and the Debtors, their estates and creditors and other parties in interest; and sufficient cause appearing for the relief requested in the Objection, it is hereby **ORDERED, ADJUDGED AND DECREED that**:

1.    The Objection is sustained.

2.    Pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007 and Local Rule 3007-1, the No Supporting Documentation Claims identified on Exhibit A attached hereto are hereby disallowed and expunged in their entirety.

3.    Pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007 and Local Rule 3007-1, the Wrong Debtor Claims identified on Exhibit B attached hereto are hereby reassigned to the case numbers (and corresponding Debtors) indicated under the column titled "*Modified Case*" on Exhibit B attached hereto.

4.    Pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007 and Local Rule 3007-1, the Late Filed Claims identified on Exhibit C attached hereto are hereby disallowed and expunged in their entirety.

5.    Pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007 and Local Rule 3007-1, the Amended Claims identified on Exhibit D attached hereto are hereby disallowed and expunged in their entirety.

6.    Any and all rights of the Reorganized Debtors and the Debtors and their estates to amend, supplement or otherwise modify the Objection and to file additional objections to any and all claims filed in these Chapter 11 Cases, including, without limitation, any and all of the Disputed Claims and the Remaining Claims, shall be reserved.  Any and all rights, claims and defenses of the Reorganized Debtors and the Debtors and their estates with respect to any and all of the Disputed Claims and the Remaining Claims shall be reserved, and nothing included in or

01: 11751864.1

2

2/5/12

9.

omitted from the Objection shall impair, prejudice, waive or otherwise affect any such rights, claims and defenses.

7.      This Court shall retain jurisdiction over any and all affected parties with respect to any and all matters, claims or rights arising from or related to the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
           _____, 2012

                                              _____
                                              Kevin Gross
                                              Chief United States Bankruptcy Judge

## EXHIBIT A

No Supporting Documentation Claims

2/5/12

9.

20120130954

## PERKINS & MARIE CALLENDER'S, INC., ET AL.
### CASE NO. 11-11795 (JOINTLY ADMINISTERED)

### NO SUPPORTING DOCUMENTATION CLAIMS

| | Claimant | Claim Number | Claim Amount/ Classification* | Filed In Case(s)* | Reason |
|---|---|---|---|---|---|
| 1 | ALLIED WASTE SERVICES 441 N. BUCHANAN CIRCLE PACHECO, CA 94553 | 1831 | $1,499.43  UNS ——— $1,499.43 | 11-11795 | No supporting documentation was filed with this claim, and based on a review of the Debtors' books and records, the Debtors do not believe any amounts are due and owing to the claimant. |
| 2 | HENNEPIN COUNTY TREASURER ATTN: VICCI LEE A600 GOVERNMENT CENTER/300 S 6TH ST MINNEAPOLIS, MN 55487 | 859 | $0.00  SEC ——— $0.00 | 11-11795 | No supporting documentation was filed with this claim and based on a review of the Debtors' books and records, the Debtors do not believe any amounts are due and owing to the claimant. |
| 3 | K&M GRAPHICS ATTN: LISA J. CURRIER 506 W. ERIE ST. LINESVILLE, PA 16424 | 1984 | $565.00  503(b)(9) ——— $565.00 | 11-11795 | No supporting documentation was filed with this claim, and based on a review of the Debtors' books and records, the Debtors do not believe any amounts are due and owing to the claimant. |
| 4 | PERALES, AZAEL D. 907 N BRADFORD AVE PLACENTIA, CA 92870 | 2266 | $30,000,000.00  UNS ——— $30,000,000.00 | 11-11795 | No supporting documentation was filed with this claim and based on a review of the Debtors' books and records, the Debtors do not believe any amounts are due and owing to the claimant. |

* - See Claim Class Code and Debtor Case Number Legends at the end of this report
* - "No Amt Given" includes, without limitation, Undetermined, Unliquidated, Unknown, To be Determined or the like or when no amount is listed at all



PERKINS & MARIE CALLENDER'S, INC., ET AL.
CASE NO. 11-11795 (JOINTLY ADMINISTERED)

NO SUPPORTING DOCUMENTATION CLAIMS

201201300954

| Claimant | Claim Number | Claim Amount/ Classification* | Filed In Case(s)* | Reason |
|----------|--------------|-------------------------------|-------------------|--------|
| | | | | |

**Debtor Case Number Legend**

| | |
|---|---|
| 11-11795 (795) | PERKINS & MARIE CALLENDER'S INC. |
| 11-11796 (796) | PERKINS & MARIE CALLENDER'S HOLDING INC. |
| 11-11797 (797) | PERKINS & MARIE CALLENDER'S REALTY LLC |
| 11-11798 (798) | PERKINS FINANCE CORP. |
| 11-11799 (799) | WILSHIRE RESTAURANT GROUP LLC |
| 11-11800 (800) | PMCI PROMOTIONS LLC |
| 11-11801 (801) | MARIE CALLENDER PIE SHOPS, INC. |
| 11-11802 (802) | MARIE CALLENDER WHOLESALERS, INC. |
| 11-11803 (803) | MACAL INVESTORS, INC. |
| 11-11804 (804) | MCID, INC. |
| 11-11805 (805) | WILSHIRE BEVERAGE, INC. |
| 11-11806 (806) | FIV CORP. |
| 00-00000 (000) | NO DEBTOR AND CASE GIVEN |

**Claim Class Code Legend**

| | |
|---|---|
| UNS | Unsecured Claim |
| PRI | Priority Claim |
| SEC | Secured Claim |
| 503(b)(9) | 503(b)(9) Claim |
| ADM | Administrative Claim |

2/6/12
9-

## EXHIBIT B

Wrong Debtor Claims

$v \, 21/9/2$

**PERKINS & MARIE CALLENDER'S, INC., ET AL.**
**CASE NO. 11-11795 (JOINTLY ADMINISTERED)**

**WRONG DEBTOR CLAIMS**

| | Claimant | Claim Number | Claim Amount/ Classification | Filed in Case(s) | Modified Case | Reason |
|---|---|---|---|---|---|---|
| 1 | LEFT COAST SCALES, LLC<br>ATTN: DEANNA YOUNG<br>28771 AVENIDA ESTRELLA<br>MENIFEE, CA 92587 | 113 | $1,877.43   UNS | 11-11795, 11-11802 | 11-11801 | The claim should be reassigned to Case Number 801. |
| | | | $1,877.43 | | | |
| 2 | SOUTHERN CALIFORNIA GAS COMPANY<br>MASS MARKETS CREDIT & COLLECTIONS<br>ATTN: ELIZABETH ALVAREZ<br>P.O. BOX 30337<br>LOS ANGELES, CA 90030-0337 | 2292 | $74,222.92   UNS | 11-11795, 11-11801 | 11-11801 | The claim should be reassigned to Case Number 801. |
| | | | $74,222.92 | | | |

* - See Claim Class Code and Debtor Case Number Legends at the end of this report

20120130¹039

2/5/12 9-

**PERKINS & MARIE CALLENDER'S, INC., ET AL.**
**CASE NO. 11-11795 (JOINTLY ADMINISTERED)**

**WRONG DEBTOR CLAIMS**

| Claimant | Claim Number | Claim Amount/ Classification | Filed In Case(s) | Modified Case | Reason |
|---|---|---|---|---|---|

**Debtor Case Number Legend**

| | |
|---|---|
| 11-11795 (795) | PERKINS & MARIE CALLENDER'S INC. |
| 11-11796 (796) | PERKINS & MARIE CALLENDER'S HOLDING INC. |
| 11-11797 (797) | PERKINS & MARIE CALLENDER'S REALTY LLC |
| 11-11798 (798) | PERKINS FINANCE CORP. |
| 11-11799 (799) | WILSHIRE RESTAURANT GROUP LLC |
| 11-11800 (800) | PMCI PROMOTIONS LLC |
| 11-11801 (801) | MARIE CALLENDER PIE SHOPS, INC. |
| 11-11802 (802) | MARIE CALLENDER WHOLESALERS, INC. |
| 11-11803 (803) | MACAL INVESTORS, INC. |
| 11-11804 (804) | MCID, INC. |
| 11-11805 (805) | WILSHIRE BEVERAGE, INC. |
| 11-11806 (806) | FIV CORP. |
| 00-00000 (000) | NO DEBTOR AND CASE GIVEN |

**Claim Class Code Legend**

| | |
|---|---|
| UNS | Unsecured Claim |
| PRI | Priority Claim |
| SEC | Secured Claim |
| 503(b)(9) | 503(b)(9) Claim |
| ADM | Administrative Claim |

201201301039

## EXHIBIT C

Late Filed Claims

**PERKINS & MARIE CALLENDER'S, INC., ET AL.**
**CASE NO. 11-11795 (JOINTLY ADMINISTERED)**

## LATE FILED CLAIMS

| | Claimant | Late Filed Claim to be Expunged | Date Filed | Claim Amount/Classification* | Filed In Case(s)* |
|---|---|---|---|---|---|
| 1 | GLEN SALLING ELECTRICAL MAINTENANCE GLEN SALLING - GSEM 3172 WITHERS AVE. LAFAYETTE, CA 94549 | 2281 | 1/10/2012 | $3,061.32   UNS | 11-11795 |
| 2 | LWC SERVICES INC. ATTN: CARYN ZELEZ P.O. BOX 1091 WILLOW GROVE, PA 19090 | 2279 | 1/9/2012 | $1,013.36   UNS | 11-11795 |
| 3 | PERALES, AZAEL D. 907 N BRADFORD AVE PLACENTIA, CA 92870 | 2266 | 12/16/2011 | $30,000,000.00   UNS | 11-11795 |
| 4 | STEVENSON MACHINE, INC. 7666 PRODUCTION DR. CINCINNATI, OH 45237 | 2280 | 1/9/2012 | $1,074.93   UNS | 11-11795 |
| 5 | THE INK SPOT ATTN: LISA STEPPELMAN 398 DIX ROAD, STE 104 JEFFERSON CITY, MO 65109 | 2287 | 1/18/2012 | $460.71   UNS | 11-11795 |
| 6 | ZZZ SANITATION ATTN: KARRIE GIBSON, CSR P.O. BOX 5696 BOISE, ID 83705 | 2290 | 1/25/2012 | $200.00   503(b)(9) | 11-11795 |

* - See Claim Class Code and Debtor Case Number Legends at the end of this report
** - "No Amt Given" includes, without limitation, Undetermined, Unliquidated, Unknown, To be Determined or the like or when no amount is listed at all

Q. 2/5/12

PERKINS & MARIE CALLENDER'S, INC., ET AL.
CASE NO. 11-11795 (JOINTLY ADMINISTERED)

LATE FILED CLAIMS

| Claimant | Late Filed Claim to be Expunged | Date Filed | Claim Amount/Classification* | Filed In Case(s)* |
|---|---|---|---|---|

**\* Debtor Case Number Legend**

| | |
|---|---|
| 11-11795 (795) | PERKINS & MARIE CALLENDER'S INC. |
| 11-11796 (796) | PERKINS & MARIE CALLENDER'S HOLDING INC. |
| 11-11797 (797) | PERKINS & MARIE CALLENDER'S REALTY LLC |
| 11-11798 (798) | PERKINS FINANCE CORP. |
| 11-11799 (799) | WILSHIRE RESTAURANT GROUP LLC |
| 11-11800 (800) | PMCI PROMOTIONS LLC |
| 11-11801 (801) | MARIE CALLENDER PIE SHOPS, INC. |
| 11-11802 (802) | MARIE CALLENDER WHOLESALERS, INC. |
| 11-11803 (803) | MACAL INVESTORS, INC. |
| 11-11804 (804) | MCID, INC. |
| 11-11805 (805) | WILSHIRE BEVERAGE, INC. |
| 11-11806 (806) | FIV CORP. |
| 00-00000 (000) | NO DEBTOR AND CASE GIVEN |

Claim Class Code Legend

| | |
|---|---|
| UNS | Unsecured Claim |
| PRI | Priority Claim |
| SEC | Secured Claim |
| 503(b)(9) | 503(b)(9) Claim |
| ADM | Administrative Claim |

20120130948

2/5/12

**EXHIBIT D**

Amended Claims

2/5/12 Q

**PERKINS & MARIE CALLENDER'S, INC., ET AL.**
**CASE NO. 11-11795 (JOINTLY ADMINISTERED)**

**AMENDED CLAIMS**

| | Claimant | Amended Claim to be Expunged | Claim Amount/Classification* | Filed In Case(s)* | Remaining Claim No. |
|---|---|---|---|---|---|
| 1 | ADA COUNTY TREASURER ATTN: VICKY MCINTYRE P.O. BOX 2868 BOISE, ID 83701 | 2139 | $20,053.55  SEC | 11-11795 | 2285 |
| 2 | ADA COUNTY TREASURER ATTN: VICKY MCINTYRE P.O. BOX 2868 BOISE, ID 83701 | 2140 | $1,698.57  SEC | 11-11795 | 2283 |
| 3 | ADA COUNTY TREASURER ATTN: VICKY MCINTYRE P.O. BOX 2868 BOISE, ID 83701 | 2141 | $1,859.66  SEC | 11-11795 | 2284 |
| 4 | ADA COUNTY TREASURER ATTN: VICKY MCINTYRE P.O. BOX 2868 BOISE, ID 83701 | 2142 | $1,383.48  SEC | 11-11795 | 2282 |
| 5 | HOBART SERVICE A DIVISION OF ITW FOOD EQUIPMENT ATTN: ANITA CLUTTER 701 S RIDGE AVE TROY, OH 45373 | 2007 | $7,808.73  UNS | 11-11801 | 2275 |

\* - See Claim Class Code and Debtor Case Number Legends at the end of this report
\*\* - "No Amt Given" includes, without limitation, Undetermined, Unliquidated, Unknown, To be Determined or the like or when no amount is listed at all

PERKINS & MARIE CALLENDER'S, INC., ET AL.
CASE NO. 11-11795 (JOINTLY ADMINISTERED)

AMENDED CLAIMS

| Claimant | Amended Claim to be Expunged | Claim Amount/Classification* | Filed in Case(s)* | Remaining Claim No. |
|---|---|---|---|---|
| 6 SHEN, SHAO HUA AND SHEN, MEI HUA 1362 GRAND TERRACE SAN RAFAEL, CA 94901 | 2273 | $468,720.00 UNS | 11-11795 | 2276 |
| 7 SOUTHERN CALIFORNIA GAS COMPANY MASS MARKETS CREDIT & COLLECTIONS ATTN: ELIZABETH ALVAREZ P.O. BOX 30337 LOS ANGELES, CA 90030-0337 | 932 | $84,294.93 UNS | 11-11795, 11-11801 | 2292 |

* - See Claim Class Code and Debtor Case Number Legends at the end of this report
** - "No Amt Given" includes, without limitation, Undetermined, Unliquidated, Unknown, To be Determined
or the like or when no amount is listed at all

PERKINS & MARIE CALLENDER'S, INC., ET AL.
CASE NO. 11-11795 (JOINTLY ADMINISTERED)

AMENDED CLAIMS

| Claimant | Amended Claim to be Expunged | Claim Amount/Classification* | Filed in Case(s)* | Remaining Claim No. |
|---|---|---|---|---|

**Debtor Case Number Legend**

| | |
|---|---|
| 11-11795 (795) | PERKINS & MARIE CALLENDER'S INC. |
| 11-11796 (796) | PERKINS & MARIE CALLENDER'S HOLDING INC. |
| 11-11797 (797) | PERKINS & MARIE CALLENDER'S REALTY LLC |
| 11-11798 (798) | PERKINS FINANCE CORP. |
| 11-11799 (799) | WILSHIRE RESTAURANT GROUP LLC |
| 11-11800 (800) | PMCI PROMOTIONS LLC |
| 11-11801 (801) | MARIE CALLENDER PIE SHOPS, INC. |
| 11-11802 (802) | MARIE CALLENDER WHOLESALERS, INC. |
| 11-11803 (803) | MACAL INVESTORS, INC. |
| 11-11804 (804) | MCID, INC. |
| 11-11805 (805) | WILSHIRE BEVERAGE, INC. |
| 11-11806 (806) | FIV CORP. |
| 00-00000 (000) | NO DEBTOR AND CASE GIVEN |

**Claim Class Code Legend**

| | |
|---|---|
| UNS | Unsecured Claim |
| PRI | Priority Claim |
| SEC | Secured Claim |
| 503(b)(9) | 503(b)(9) Claim |
| ADM | Administrative Claim |